IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAL-COM FINANCIAL CORP., AS TRUSTEE OF VAL-COM ACQUISITIONS TRUST | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-cv-01334-D |
| AMERICA'S WHOLESALE LENDER, INC., BAC HOME LOANS SERVICING, LP, and HOME LOAN MORTGAGE CORPORATION, | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS BAC HOME LOANS SERVICING, LP, COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, INC., AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S
<u>MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION</u>**

Seeking dismissal of Plaintiff's Original Petition in its entirety, Defendants BAC Home Loans Servicing, LP ("BAC"), Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender, Inc. ("Countrywide") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), collectively "Defendants," file this Motion to Dismiss Plaintiff's Original Petition ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6). The same cause of action appearing in this suit was brought before this Court in *Val-Com Acquisitions Trust, et al. v. Bank of America, N.A., et al.*, Cause No. 3:10-cv-01044-P ("Prior Action"), which was dismissed with prejudice on February 16, 2011. Consequently, Val-Com Financial's claims are barred by res judicata.

### I. BACKGROUND

On May 18, 2011, Plaintiff Val-Com Financial Corp, as Trustee of Val-Com Acquisitions Trust ("Val-Com Financial") filed a lawsuit against Defendants in the 134th Judicial District

362095.3

Court of Dallas County, Texas (the "State Court Action"). A copy of Plaintiff's Original Petition ("Petition") in the State Court Action is included in **Exhibit A**. On June 17, 2011, Defendants filed their Notice of Removal in this Court.

Val-Com Financial has filed this suit on behalf of Val-Com Acquisitions Trust, which purports to have taken title to real property securing a note and deed of trust executed by Samuel J Marshall and Diana L Marshall (the "Marshalls") on or about December 3, 2011. In its Petition, Val-Com Financial seeks clear title to real property that has already gone through foreclosure, contending that Countrywide still owns the Note and Deed of Trust rendering the foreclosure sale "fatally flawed." Dismissal of this lawsuit is appropriate because Val-Com Financial is in privity with the parties that unsuccessfully litigated the Prior Action, and it should not be afforded another bite at the apple.

## II.     STANDARD FOR DISMISSAL

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, and not to determine the facts or merits of the case.[1] "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."[2] Both the Fifth Circuit and this Court have held that res judicata serves as a proper ground for

---

[1] *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).
[2] *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 774 (N.D. Tex. 2008) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)); *see also Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007)).
362095.3

dismissal when it can be adduced from the face of the complaint.[3] In addition to the complaint, the Court may "refer to matters of public record when deciding a 12(b)(6) motion to dismiss," including the Prior Action.[4]

### III.   ARGUMENT

**I.   Res judicata bars Val-Com Financial's trespass to try title and quiet title claims.**

Generally, res judicata requires (1) identical parties to the two actions; (2) a prior judgment "rendered by a court of competent jurisdiction"; (3) "a final judgment on the merits"; and (4) claims stemming from the same nucleus of fact.[5]

   **A.   *Although the parties to the suit are not identical, they are in privity.***

Although res judicata generally requires that the parties to the actions be identical, a court may apply res judicata when a plaintiff whom, while a non-party to the prior action, was in "privity" with or "virtually represented" by a party in the first suit.[6] In the context of res judicata, privity "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion."[7] The doctrine of virtual representation is "an equitable theory rather than a crisp rule with sharp corners and clear factual predicates."[8] The court on a case-by-case basis" should consider "whether the issues in both the prior and current litigation are identical, whether the nonparty had actual or constructive notice of the prior litigation, and the equities of the case,

---

[3] *Rolls-Royce Corp.*, 576 F.Supp.2d at 774.
[4] *Rolls-Royce Corp.*, 576 F.Supp.2d at 775.
[5] *Rolls-Royce Corp.*, 576 F.Supp.2d at 775 (citing *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir.2007)); *In re Paige*, 610 F.3d 865 (5th Cir. 2010) (the fourth prong of res judicata, whether the same cause of action is at issue, turns on "whether the two actions under consideration are based on 'the same nucleus of operative facts'").
[6] *See Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 664-667 (E.D. Tex. 2000) (citing *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir.1992)) (privity and virtual representation appear to be used interchangeably in the cases discussing this extension of res judicata on equitable principles).
[7] *Meador*, 87 F.Supp.2d at 664.
[8] *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, 732 F.Supp. 2d 653, 665 (N.D. Tex. 2010).

362095.3

including the non-party's relationship with the party or participation in the prior litigation."[9] Privity generally exists "1) where a non-party has succeeded to a party's interest in property, the non-party will be bound by a judgment against that party; 2) a nonparty who controlled the original suit will be bound by the resulting judgment; and 3) a non-party will be bound if his interests were represented adequately by a party in the original suit."

In the Prior Action, *Val-Com Acquisitions Trust, et al. v. Bank of America, N.A., et al.*, Val-Com Acquisitions Trust alleged that it acquired title to the real property at issue in this case from the Marshalls. Val-Com Acquisitions Trust and the Marshalls sued Bank of America and BAC to seek in part "a determination and declaration of whether BOA is the owner and/or holder of the Note and Deed of Trust," "whether BOA is the person entitled to enforce the Note and Deed of Trust," and "whether BAC is the mortgage servicer." (Prior Action, App. 0016). In this suit, Val-Com Financial, as trustee for Val-Com Acquisitions Trust again challenges the "holder in due course" status of Countrywide's successor, alleging "that no claimed successor in interest to [Countrywide d/b/a] America's Wholesale Lender had the right to foreclose on the Property," and that Freddie Mac thus did not "lawfully acquir[e] the Property." (Doc. 1, p. 12).

Under the doctrine of virtual representation, Val-Com Financial, as trustee of Val-Com Acquisitions Trust is in privity with Val-Com Acquisitions Trust and the Marshalls. Val-Com Financial is in privity with the Marshalls because all of its rights flow from the alleged transfer of property from the Marshalls to Val-Com Acquisitions Trust, for whom it purports to serve as trustee. Moreover, the relationship between Val-Com Acquisitions Trust and Val-Com Financial appears "sufficiently close to afford application of the principle of preclusion." Both entities' interests derive from the Marshalls' interest in the property. This relationship is more than one

---

[9] *Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 665 (E.D. Tex. 2000).

362095.3

of parallel interests; it is an express legal relationship created by the purported deed from the Marshalls into Val-Com Acquisitions Trust. Based on the close relationship, between Val-Com Acquisitions Trust and Val-Com Financial, it appears that Val-Com Financial furthermore had either actual or constructive notice of the prior litigation. Because lawsuit, an obvious attempt to permit Val-Com Acquisitions Trust another bite at the apple, and equity.

### B. *The prior judgment, rendered by this Court, was "rendered by a court of competent jurisdiction" and constitutes a final judgment on the merits.*

This Court had jurisdiction over the Prior Action pursuant to federal question based on Plaintiffs' claims arising under TILA and RESPA. The Court exercised supplemental jurisdiction over the related claims, including Plaintiffs' claims for declaratory judgment based on the challenge to BOA's holder in due course status, whether BAC was the mortgage servicer, and whether BAC could foreclose on the Property. The Court's order to dismiss Plaintiffs' Prior Action for failure to state a claim with prejudice constitutes "a final judgment on the merits."[10] (Prior Action, App. 0030). Accordingly, the second and third prongs of the elements of res judicata are satisfied.

### C. *Val-Com Financial Corp.'s claims stem from the same nucleus of fact.*

The "holder in due course" arguments in either action while dressed as different claims share the same nucleus of fact. In the Prior Action, Val-Com Acquisitions Trust and the Marshalls sued Bank of America and BAC to seek in part "a determination and declaration of whether BOA is the owner and/or holder of the Note and Deed of Trust," "whether BOA is the person entitled to enforce the Note and Deed of Trust," and "whether BAC is the mortgage servicer." (Prior Action, App. 0016). In this suit, Val-Com Financial Corporation, as trustee for Val-Com Acquisitions Trust again challenges the "holder in due course" status of Countrywide's

---

[10] *Eaves v. Doniger*, No. 01-20237, 2001 WL 1485732, at *1 (5th Cir. Nov. 07, 2001).

362095.3

successor, alleging "that no claimed successor in interest to [Countrywide d/b/a] America's Wholesale Lender had the right to foreclose on the Property," and therefore, Freddie Mac could not have "lawfully acquired the Property." (Doc. 1, p. 12). Plaintiffs' declaratory judgment action in the Prior Action and Val-Com Financial's trespass to try title and quiet title claims in the present lawsuit are both in essence challenges to BAC's authority to foreclose on the Property and right to convey title by virtue of the foreclosure sale. Because they stem from the same nucleus of facts relating to the assignment of the Note and Deed of Trust from Countrywide, they constitute the same cause of action within the meaning of the fourth prong.

II. **To the extent Val-Com Financial's trespass to try title and quiet title actions are dismissed, its request to set aside the sale and cancel the trustee's foreclosure sale deed must be denied.**

Plaintiff requests injunctive relief, setting aside the trustee's foreclosure sale and cancelling the trustee's foreclosure sale deed. For injunctive relief, Val-Com Financial must show, among other things, actual success on the merits.[11] To the extent res judicata applies, Val-Com Financial would be unable to prevail on the merits in this lawsuit. Accordingly, Val-Com Financial's request to set aside the sale and cancel the trustee's foreclosure sale deed should be dismissed.

### IV. CONCLUSION

For the reasons above, res judicata precludes Val-Com Financial's trespass to try title and quiet title claims, rendering injunctive relief unavailable. Dismissal of this lawsuit in its entirety is accordingly appropriate.

[signature block on following page]

---

[11] *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

362095.3

          Respectfully submitted,

          **MCGLINCHEY STAFFORD, PLLC**

By:  */s/ R. Dwayne Danner*
      **R. DWAYNE DANNER**
      State Bar No. 00792443
      **RACHEL L. HYTKEN**
      State Bar No. 24072163
      2711 North Haskell Ave., Suite 2750, LB 25
      Dallas, Texas 75204
      Telephone: (214) 445-2408
      Facsimile: (214) 445-2450

      **ATTORNEYS FOR BAC HOME LOANS SERVICING, LP, COUNTRYWIDE HOME LOANS, INC., AND FEDERAL HOME LOAN MORTGAGE CORPORATION**

## CERTIFICATE OF SERVICE

    I certify that a correct copy of the foregoing document has been served to Plaintiff's counsel, R Lee Barrett, in accordance with the Federal Rules of Civil Procedure on this 24th day of June, 2011 as follows:

*Via CM/ECF*
Lee Barett
The Barrett Law Firm
9529 Boat Club Rd
Fort Worth, Texas 76179

          */s/ Rachel L. Hytken*
          Rachel L. Hytken